# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. __1:18-cv-01655__

BRIAN M. BADOLATO,

 Plaintiff,

v.

SOUTHWEST RECOVERY
SERVICES, INC.,

 Defendant.

## COMPLAINT

NOW comes BRIAN M. BADOLATO ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of SOUTHWEST RECOVERY SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Colorado and a substantial portion the events or omissions giving rise to the claims occurred within the District of Colorado.

**PARTIES**

4. Plaintiff is a natural person over 18 years-of-age residing in Glenwood Springs, Colorado, which is located within the District of Colorado.

5. Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6. Defendant is a "nationally recognized full service accounts receivable management company headquartered in Dallas, Texas."[1] Defendant has "over 25 years of debt recovery and account servicing and collection agency experience." *Id.* Defendant's registered agent is located at 17311 Dallas Parkway, Suite 235, Dallas, Texas.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. In May 2018, Plaintiff accessed his credit report through Equifax, and discovered that Defendant was reporting an account as "Open," with an outstanding balance of $580.

10. Upon information and belief, this balance stems from overdraft fees that Plaintiff incurred with his bank, Wells Fargo ("subject debt").

---

[1] https://swrecovery.com/about/

11. Plaintiff was confused as to why the subject debt was reporting on his credit, as he had already settled the subject debt with Revenue Management Group LLC ("RMG").

12. RMG even sent Plaintiff a letter, dated March 20, 2018, stating, "This letter is to confirm that the account listed above has been settled in full with a zero balance.  Let the record state that the above consumer is released from any legal obligation concerning this account."

13. The creditor listed on RMG's letter is Wells Fargo.

14. Moreover, Plaintiff never received any correspondence from Defendant, in the mail, or otherwise, regarding the subject debt.

15. Confused by the situation, Plaintiff contacted Defendant to inquire about the discrepancy on his credit report.

16. Defendant's representatives confirmed that the account listed on Plaintiff's credit report stems from a Wells Fargo checking account that was over-drafted.

17. Plaintiff notified Defendant that the account is erroneous, as he had already paid the subject debt.

18. Despite Plaintiff disputing the debt, Defendant failed to send a validation notice to Plaintiff, entailing his rights pursuant to § 1692(g).

19. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. The negative reporting on Plaintiff's credit report has harmed Plaintiff's credit score and has limited his ability to obtain credit elsewhere.

22. Plaintiff was unduly inconvenienced and harassed by Defendants' unlawful attempts to collect the subject debt.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to aggravation that accompanies erroneous collection activity and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals ("ACA") since 2006.[2]

28. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. This section enumerates specific violations, such as:

> "The false representation of the character, amount, or legal status of any debt."
> 15 U.S.C. §1692e(2)(A).

---

[2] http://www.acainternational.org/search#memberdirectory

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." §1692e(8).
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." §1692e(10).

31. Defendant violated §1692e, e(2), e(8), and e(10) through its false, deceptive, and misleading conduct. Defendant erroneously reported negative information regarding the subject debt on Plaintiff's credit report, including an open balance of $580. Plaintiff had already settled the subject debt in full with RMG. Accordingly, Defendant's reporting of the account as "Open," and with an outstanding balance, are both false representations of the subject debt. Defendant communicated false credit information, and also falsely characterized the nature of the subject debt on Plaintiff's credit report.

    b. **Violations of FDCPA § 1692g**

32. The FDCPA, pursuant to 15 U.S.C. § 1692g requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ."

33. Defendant violated 15 U.S.C. § 1692g by failing to send Plaintiff a validation notice within five days after its initial communication with Plaintiff. After Plaintiff spoke with Defendant in May 2018, where Plaintiff notified Defendant that he did not owe the subject debt as it was paid off, Plaintiff did not receive any written notification regarding the subject debt which outlined his

rights, as required by § 1692g. Plaintiff has not received any written information whatsoever from Defendant regarding the subject debt.

34. As pled in paragraphs 19 through 23, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff BRIAN M. BADOLATO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 29, 2018                                          Respectfully submitted,

s/ Nathan C. Volheim                                          s/Taxiarchis Hatzidimitriadis
*Nathan C. Volheim*                                           *Taxiarchis Hatzidimitriadis*
Counsel for Plaintiff                                         Counsel for Plaintiff
Admitted in the District of Colorado                          Admitted in the District of Colorado
Sulaiman Law Group, Ltd.                                      Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                           2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                       Lombard, Illinois 60148
(630) 568-3056 (phone)                                        (630) 581-5858 (phone)
(630) 575-8188 (fax)                                          (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                      thatz@sulaimanlaw.com